# United States Court of Appeals for the Federal Circuit

04-1451


SYMBOL TECHNOLOGIES, INC., ACCU-SORT SYSTEMS, INC.,
METROLOGIC INSTRUMENTS, INC., PSC INC.,
TEKLOGIX CORPORATION, ZEBRA TECHNOLOGIES CORP.,
COGNEX CORPORATION, and TELXON CORPORATION,

Plaintiffs-Appellees,

and

INTERMEC TECHNOLOGIES CORP.,

Plaintiff-Appellee,

v.

LEMELSON MEDICAL, EDUCATION & RESEARCH FOUNDATION, LP,

Defendant-Appellant.


Victoria Gruver Curtin, of Scottsdale, Arizona, filed a combined petition for panel rehearing and rehearing en banc for defendant-appellant. Of counsel on the petition were Richard G. Taranto, Farr & Taranto, of Washington, DC, Gerald D. Hosier, of Las Vegas, Nevada, and Louis J. Hoffman, of Scottsdale, Arizona.

Jesse J. Jenner, Ropes & Gray LLP, of New York, New York, filed a response to the petition for plaintiffs-appellees Symbol Technologies, et al. With him on the response were Kenneth B. Herman, William J. McCabe, Pablo D. Hendler, and John R. Lane. Of counsel on the response was Charles Quinn, Graham, Curtin & Sheridan, of Morristown, New Jersey.

Jonathan M. James, Perkins Coie Brown & Bain, P.A., of Phoenix, Arizona, filed an amicus curiae brief for Intel Corporation, et al. With him on the brief for Intel Corporation were C. Randall Bain and Dan L. Bagatell. On the brief for Cypress Semiconductor Corp., et al., were Frank E. Scherkenbach, Katherine Kelly Lutton, John A. Dragseth, and Christian A. Chu, Fish & Richardson P.C., of Washington, DC.

George M. Sirilla, Pillsbury Winthrop LLP, of McLean, Virginia, filed an amicus curiae brief for National Retail Federation.  With him on the brief were Raymond L. Sweigart, Scott J. Pivnick, and Ross R. Barton.  Of counsel on the brief was Kevin T. Kramer, of Washington, DC.

Appealed from:  United States District Court for the District of Nevada

Chief Judge Philip M. Pro

# United States Court of Appeals for the Federal Circuit

04-1451

SYMBOL TECHNOLOGIES, INC., ACCU-SORT SYSTEMS, INC.,
METROLOGIC INSTRUMENTS, INC., PSC INC.,
TEKLOGIX CORPORATION, ZEBRA TECHNOLOGIES CORP.,
COGNEX CORPORATION, and TELXON CORPORATION,

Plaintiffs-Appellees,

and

INTERMEC TECHNOLOGIES CORP.,

Plaintiff-Appellee,

v.

LEMELSON MEDICAL, EDUCATION & RESEARCH FOUNDATION, LP,

Defendant-Appellant.

ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, CLEVENGER, RADER, BRYSON, GAJARSA, and DYK, <u>Circuit Judges</u>.

## O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by the appellant Lemelson Medical, Education & Research Foundation, LP, and a response thereto was invited by the court and filed by the appellees, Symbol Technologies, Inc., et al. Briefs of amicus curiae were filed by Intel Corporation, et al., and National Retail Federation. The petition for rehearing was referred first to the merits panel that heard the appeal. Thereafter, the petition for rehearing en banc, response, and the amicus curiae briefs were referred to the circuit judges who are in regular active service.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)    The petition for panel rehearing is granted for the limited purpose of amending the opinion issued on September 9, 2005.

The opinion is amended by amending the last sentence of page 13 to read "We therefore affirm the district court's holding of unenforceability as to the 76 asserted claims."

The following new paragraphs are also added after the last sentence of page 13:

> - - Although the district court did not make its resolution of the laches issue applicable to the remaining claims, holding that the question would be decided only if it later became necessary to do so, in our view, the more appropriate course of action is to apply the laches holding to all of the claims in the 14 asserted patents. Lemelson does not provide any persuasive reason why that should not be so.
>
> All of the claims were in issue in this lawsuit, and all were held invalid and not infringed.  Moreover, all of the claims are purportedly supported by the same specification with the same effective filing dates.  Thus, all of the subject matter in the patents in suit was pending for an unreasonably long period of time, and the delays in prosecution to issuance of the asserted 76 claims applied to all of the remaining claims. Accordingly, in this exceptional case, prejudice to the public as a whole has been shown here in the long period of time during which parties, including the plaintiffs, have invested in the technology described in the delayed patents.  These are sufficient bases to extend the district court's laches holding of unenforceability of the 76 asserted claims to all of the claims of the asserted patents.  Thus, we hold that all of the claims of the 14 asserted patents are unenforceable under the doctrine of prosecution laches. - -

At the beginning of page 2, "Lemelson's patents are unenforceable under the doctrine of prosecution laches, we affirm" has been changed to - - 76 claims of Lemelson's patents are unenforceable under the doctrine of prosecution laches, we affirm that judgment and extend it to apply to all of the claims in the asserted patents. - -

04-1451                                         2

In the last sentence of the opinion, before <u>AFFIRMED</u>, "and extend it to all of the claims of the 14 patents" has been inserted after "district court".

(2)     The petition for rehearing en banc is denied.

(3)     The mandate of the court will issue on November 23, 2005.

Schall, <u>Circuit Judge</u>, Linn, <u>Circuit Judge</u>, and Prost, <u>Circuit Judge</u>, did not participate in the vote.

FOR THE COURT

November 16, 2005                              _s/Jan Horbaly_____
                                               Jan Horbaly
                                               Clerk


cc:   Victoria Gruver Curtin, Esq.
      Jesse J. Jenner, Esq.
      Joseph F. Murphy, Esq.
      George M. Sirilla, Esq.
      Jonathan M. James, Esq.
      Harold C. Wegner, Esq.
      Frank E. Scherkenbach, Esq.